**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19-CR-4032-LTS-KEM |
| vs. | **ORDER ON REPORT AND RECOMMENDATION** |
| DIEGO FELIPE JUAN, | |
| Defendant. | |

## I.   INTRODUCTION

This case is before me on a Report and Recommendation (R&R) (Doc. No. 29) in which Chief United States Magistrate Judge Kelly K.E. Mahoney recommends that I grant in part and deny in part defendant Diego Juan's motion (Doc. No. 19) to suppress. Neither party has filed written objections to the R&R. Any objections are now deemed waived. *See* LR 72A; *see also* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2).

## II.   STANDARD OF REVIEW

When a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S.

364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in considering whether law enforcement officials violated Juan's Fourth and Fifth Amendment rights. Judge Mahoney properly concluded that probable cause supported the search warrant and that the minimal delay in executing the warrant did not warrant suppression. Judge Mahoney properly analyzed whether the interrogations on January 18, 2019, and May 9, 2019, were custodial interrogations under *Miranda*. I agree with Judge Mahoney's analysis that the interrogation on January 18, 2019, was not custodial under *Miranda*. I also agree that the interrogation while Juan was in custody on May 9, 2019, did not violate Juan's *Miranda* rights, except when the law enforcement officer questioned Juan about how many times Juan watched the video at issue in this case. Thus, all statements made by Juan after that question and until the law enforcement official again made clear that Juan need not speak with him should be suppressed.

In short, I find no error—clear or otherwise—in Judge Mahoney's factual findings and legal conclusions. As such, I accept the R&R in its entirety.

## IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney's Report and Recommendation (Doc. No. 29) in its entirety and without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation, the defendant's motion (Doc. No. 19) to suppress evidence is hereby **granted in part and denied in part**. Statements made by Juan in response to the comment that Juan had watched the video (Govt. Ex. 3, 5:45) and the following question about the number of times he had watched the video (Govt. Ex. 3, 5:49) are hereby **suppressed**. The motion is **denied** in all other respects.

**IT IS SO ORDERED.**

**DATED** this 9th day of October, 2019.

_____
Leonard T. Strand, Chief Judge